IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BLONDELL F. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  14-0996-CV-ODS |
| | ) | |
| RICK SANCHEZ, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING IN PART AND DEFERRING JUDGMENT IN PART ON DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are Defendant Mediacom Communications Corporation's Motion to Dismiss (Doc. #10) and Defendants Rick Sanchez, Cable News Network, Time Warner Cable Inc. and Time Warner Inc.'s Motion to Dismiss (Doc. #13). The Court grants the motions in part and defers consideration in part.

## I.    Facts/Background

Plaintiff Blondell Mitchell ("Plaintiff") alleges Defendants incorrectly stated on various media broadcasts that she has AIDS/HIV.  Based on these allegations, Plaintiff claims Defendants violated the Lanham Act and committed the torts of invasion of privacy and intrusion into seclusion, false light invasion of privacy, and defamation per se.  Plaintiff asserts this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, due to the alleged Lanham Act violation.

## II.    Standard

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  In ruling on a motion to dismiss,

the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston School Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Additionally, a court must liberally construe a pro se complaint and "pro se litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010). However, pro se complaints "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III.   Discussion

Plaintiff asserts Defendants violated 15 U.S.C. §§ 1125(a)(1)(A) and (B) of the Lanham Act. Doc. #4. These statutory provisions state:

(a) Civil action
(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or

2

device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Section 1125(a)(1)(A) is known as the false endorsement prohibition and section 1125(a)(1)(B) is known as the false advertising prohibition. *American Ass'n. of Orthodontists v. Yellow Book USA, Inc.*, 434 F.3d 1100, 1102 (8th Cir. 2006).

## A. False Advertising

Defendant Mediacom argues Plaintiff lacks standing to bring a false advertising claim under the Lanham Act, because Plaintiff is not a competitor of any of the Defendants.[1] Defendant Mediacom cites several cases for this proposition. *See e.g. American Ass'n of Orthodontists v. Yellow Book USA, Inc.*, 434 F.3d 1100, 1103 (8th Cir. 2006); *Telecom Intern. Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 197 (2d 2001). The problem with this argument is that almost a year ago the Supreme Court issued an opinion that categorically rejected this proposition. *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014).

---

[1] In response to Defendants' argument that Plaintiff must be Defendants' competitor to bring a false advertising claim under the Lanham Act, Plaintiff cites several cases suggesting otherwise. As discussed in Section III.A, the Court notes that in light of the *Lexmark* decision, Plaintiff does not have to be Defendants' competitor to assert a claim. However, the cases Plaintiff cites do not establish that she has a Lanham Act claim for either false endorsement or false advertising. One group of cases Plaintiff cites all appear to have the typical fact pattern for a false endorsement case, in that a celebrity's likeness was used to endorse a service or product without the celebrity's consent. *Allen v. National Video, Inc.*, 610 F. Supp. 612 (S.D. N.Y.1985); *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992). As discussed in Section III.B, Plaintiff has failed to state a claim for false endorsement under the Lanham Act. The second type of case Plaintiff cites all regard infringement of federally registered trademarks. *See e.g. James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266 (7th Cir. 1976). Plaintiff has not asserted any claims for infringement of a federally registered trademark, and thus, this type of case also does not aid her position.

In *Lexmark*, the Supreme Court announced a zone of interests and proximate cause analysis would be used to determine if a plaintiff could assert a Lanham Act false advertising claim. *Id.* The *Lexmark* Court determined that, "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 1390. To establish proximate causation under § 1125(a), a plaintiff "ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 1391.

Thus, this Court must determine whether Plaintiff, "falls within the class of plaintiffs whom Congress has authorized to sue under § 1125(a)." *Id.* at 1387. The obvious answer seems to be, no, Congress did not intend to have every garden variety defamation claim transformed into a Lanham Act claim. Quite simply, a garden variety defamation claim is all Plaintiff asserts in her Complaint. Moreover, Plaintiff cannot establish the necessary proximate causation. Specifically, there appears to be a glaring absence of any actual advertising at issue. Plaintiff asserts Defendants made allegedly defamatory statements about her during media broadcasts, which do not constitute advertisements or promotions. *See Porous Media Corp. v. Pall Corp.*, 173 F.3d 1109, 1120 (8th Cir. 1999). Accordingly, to the extent Plaintiff asserts a false advertising claim under the Lanham Act, that claim is dismissed as to all Defendants.

## B. False Endorsement

In Plaintiff's Response to Defendant Mediacom's Motion to Dismiss, she cites cases which suggest that in addition to a false advertising claim, she is asserting a false endorsement claim. *See e.g. Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992); *Allen v. National Video, Inc.*, 610 F. Supp. 612 (S.D. N.Y. 1985). A review of Plaintiff's Complaint also suggests she may be asserting a false endorsement claim under the Lanham Act. Even if Plaintiff is asserting this theory of liability, she fails to state a claim for false endorsement.

The Lanham Act's false endorsement provision prohibits Defendants from acting in a way which causes confusion as to whether Defendants are associated with Plaintiff

or whether Plaintiff approves or endorses the Defendants' services or goods. *Id.* at §
1125(a)(1)(A).  Here, Plaintiff has not alleged any facts that suggest Defendants have
committed any actions which would cause confusion as to whether Defendants are
associated with Plaintiff or that Plaintiff approves or endorses the Defendants' services
or goods.  Rather, Plaintiff has asserted Defendants have "falsely associated Mitchell
with having and spreading AIDS/HIV."  This type of factual assertion cannot serve as
the basis for a false endorsement claim under the Lanham Act.  Thus, to the extent
Plaintiff asserts a false endorsement claim under the Lanham Act, that claim is
dismissed as to all Defendants.

### C.  Diversity Jurisdiction

The Lanham Act claim is the only claim over which the Court would have had
federal question jurisdiction.  The remaining claims are state law claims.  A federal court
has the authority to determine whether to exercise supplemental subject matter
jurisdiction over these remaining state law claims, assuming, of course, that there is not
an independent basis for jurisdiction over them.  *Crest Const. II, Inc. v. Doe*, 660 F.3d
346, 359 (8th Cir. 2011) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635
(2009)). *See also* 28 U.S.C.  § 1367(a), (c).  "'A district court's decision whether to
exercise that jurisdiction after dismissing every claim over which it had original
jurisdiction is purely discretionary.'"  *Crest Const. II, Inc.*, 660 F.3d at 359.

Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's
remaining state law claims.  However, the Court may have original jurisdiction based on
diversity of citizenship.  To determine whether diversity jurisdiction exists the amount in
controversy must exceed $75,000 and the parties must be completely diverse.  28
U.S.C. § 1332(a).  To establish complete diversity of citizenship, no defendant can be a
citizen of the same state that plaintiff is a citizen.  *OnePoint Solutions, LLC v. Borchert*,
486 F.3d 342, 346 (8th Cir. 2007).

While Plaintiff lists an address for each Defendant, she does not provide
sufficient information to establish where Defendants are deemed citizens for purposes
of diversity jurisdiction.  Accordingly, the Court orders Defendants to provide information

on or before April 2, 2015, regarding where they are citizens for purposes of diversity citizenship.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 25, 2015                UNITED STATES DISTRICT COURT